**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **D.A. and J.A.-1**

**No. 22-0151** (Harrison County 20-JA-222-3 and 20-JA-223-3)

**MEMORANDUM DECISION**

Petitioner Father J.A.-2[1] appeals the Circuit Court of Harrison County's January 21, 2022, order terminating his parental rights to D.A. and J.A.-1.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In November of 2020, the DHHR filed a petition alleging that the children's mother abused drugs, although the DHHR was clear that petitioner was nonabusing. Petitioner was permitted to retain custody of the children following the filing of the petition. In April of 2021, the DHHR filed an amended petition alleging that petitioner admitted to permitting the mother to stay in the home, although the children did not corroborate this allegation upon questioning. The amended petition also alleged that petitioner was ordered to submit to drug screens but failed to appear for several before admitting that he had been purchasing Suboxone[3] illegally. Petitioner thereafter tested positive for buprenorphine on several occasions and also tested positive for Naloxone, amphetamine, and methamphetamine on one screen. Accordingly, the DHHR alleged that petitioner neglected the children by subjecting them to unsafe conditions and "drug abuse and/or a drug endangered environment." That same month, the DHHR obtained emergency custody of the children, and the circuit court ratified the custody at a hearing. Petitioner later waived his preliminary hearing.

---

[1]Petitioner appears by counsel Dean R. Morgan. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Katica Ribel. Dreama D. Sinkkanen appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e). Additionally, because one of the children and petitioner share the same initials, they will be referred to as J.A.-1 and J.A.-2, respectively.

[3]Suboxone contains buprenorphine and Naloxone.

In May of 2021, the circuit court held an adjudicatory hearing. The transcript for this hearing was not provided on appeal. The parties agreed to the admission of petitioner's drug screen records from the Day Report Center. The DHHR presented testimony from a CPS worker and the mother, and petitioner testified on his own behalf. In its adjudicatory order, the circuit court found as follows:

> Based upon the evidence presented the [c]ourt finds by clear and convincing evidence: That . . . [petitioner] has an admitted substance abuse problem. [Petitioner] was at times using suboxone/Subutex without a prescription and abused methamphetamine. His drug of choice is suboxone/Subutex but he used methamphetamine and other drugs when he did not have suboxone/Subutex. The respondent, [petitioner] had care, custody and control of the children.

Accordingly, the circuit court found petitioner to be an abusing parent and the children to be neglected. The circuit court also granted petitioner a post-adjudicatory improvement period.

As the resolution of this matter turns on petitioner's adjudication, it is sufficient to note that the circuit court terminated petitioner's parental rights to the children following a dispositional hearing in December of 2021.[4] It is from the dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner argues that it was error to adjudicate him of neglect because the applicable burden of proof was not satisfied. Because we find that the circuit court's adjudicatory order was deficient, we are unable to undertake an appropriate review of this issue. In discussing the sufficiency of orders in abuse and neglect proceedings, we previously explained that

> [p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). We further explained that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id*. (citation omitted). *Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id*. at 629-30, 558 S.E.2d at 628-29. Although that is not the exact situation at issue in the current matter, it is nonetheless instructive because, here, the circuit court made insufficient findings as to how, exactly, petitioner neglected the children.

---

[4]The mother achieved reunification with the children, and the permanency plan is for the children to remain in her care.

West Virginia Code § 49-1-201 defines "[n]eglected child," in relevant part, as a child "[w]hose physical or mental health is harmed or threatened by a present refusal, failure or inability of the child's parent . . . to supply the child with necessary food, clothing, shelter, supervision, medical care, or education." Looking to the circuit court's ruling concerning petitioner's neglect, there are no specific findings as to how petitioner harmed or threatened the children's physical or mental health by failing to supply them with any of the necessities listed in the applicable statute. The circuit court simply declared that petitioner had a substance abuse problem and also had custody of the children, instead of making detailed findings that demonstrated petitioner's substance abuse impacted his parenting ability and harmed or threatened the children. This is insufficient for purposes of adjudication.

For the foregoing reasons, the January 21, 2022, dispositional order terminating petitioner's parental rights is vacated[5] and the matter remanded with direction for the circuit court to enter an adjudicatory order containing adequate factual findings and conclusions of law and for further proceedings consistent with the applicable statutes and rules. The circuit court is directed to enter a new final order within the next thirty days. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded.

**ISSUED**: October 31, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

**DISSENTING:**

Justice Elizabeth D. Walker
Justice Tim Armstead

Walker J., dissenting,

The circuit court found that petitioner abused methamphetamine and other illegal drugs while having "care, custody and control of the children." The majority deems these findings

---

[5]*See* Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) (requiring vacation of dispositional orders when "the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes . . . has been substantially disregarded or frustrated").

insufficient to show "how, exactly, petitioner neglected the children." By doing so, the majority suggests that a parent may adequately supervise his children while abusing methamphetamine.[6] Our precedent establishes otherwise.[7]

The majority insists that the circuit court "simply declared that petitioner had a substance abuse problem and also had custody of the children . . . ." But the circuit court did not "simply declare" petitioner had a substance abuse problem; Petitioner admitted to abusing illicit substances, including methamphetamine. And the circuit court found that he did so while caring for his children. As noted above, we have previously found that a parent who acquires and abuses illegal drugs while caring for children deprives them of adequate supervision and protection. We should make the same finding in this case.

In the criminal context, this Court presumes the threat of violence that accompanies illegal drug use.[8] We should certainly presume the same attendant circumstances in the abuse and neglect context where we apply a lower standard of proof and "*err on the side of caution* if necessary to protect children at risk of possible abuse."[9] We have emphasized that "[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children."[10] The majority's decision

---

[6] *See* W. Va. Code § 49-1-201 (defining a neglected child as a child "[w]hose physical or mental health is harmed or threatened by a[n] . . . inability of the child's parent . . . to supply the child with . . . supervision . . . .")

[7] *See e.g. In re S.H.-1*, No. 20-1000, 2021 WL 5234715, at *4 (W. Va. Nov. 10, 2021) ("because the positive drug screen result constituted clear and convincing evidence of Father's ingestion of methamphetamine, the circuit court did not err by adjudicating Father as abusive and neglectful on this basis."); *In re H.C.*, No. 12-0471, 2012 WL 4838995, at *2, (W. Va. Sept. 24, 2012) ("the circuit court needed only to rely on petitioner's recent drug abuse to both adjudicate him as an abusing parent and later to terminate his parental rights.") and at *4 ("While petitioner argues that some aggravating factor must be coupled with drug abuse in order to rise to the level of neglect, this is a misstatement of [W. Va. Code § 49-1-101 *et seq.*]").

[8] *See e.g. State v. Norwood*, 242 W. Va. 149, 158, 832 S.E.2d 75, 84 (2019) ("due to the nature of the drug transaction, and the drug that was the subject of the transaction, this Court concludes that there was an inherent threat of violence.").

[9] *In re Elizabeth A.*, 217 W. Va. 197, 205, 617 S.E.2d 547, 555 (2005) (quoting *Mary Ann P. v. William R.P., Jr.*, 197 W. Va. 1, 10, 475 S.E.2d 1, 10, (1996) (Workman, J., concurring) (emphasis removed).

[10] Syl. Pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996).

4

needlessly curtails circuit courts' abilities to protect this State's children from the imminent dangers accompanying illegal drug abuse.

A parent's conduct in the home—even if not directed at a child—can create an environment that endangers the child's physical and emotional well-being. For example, domestic violence by a parent against another resident of a child's home may produce an environment that endangers the child's physical or emotional well-being.[11] Parental and caregiver illegal drug abuse supports the same conclusion. It is not necessary that the parent's conduct be directed at the child or that the child suffer injury; § 49-1-201 requires a showing that a parent's conduct *threatens* a child's well-being. A parent threatens his children's well-being by abusing methamphetamine while caring for them. For this reason, I disagree with the majority's decision to reverse for insufficient adjudicatory findings. Justice Armstead joins me in this dissent.

---

[11] *See e.g. In re A.J.-1*, Nos. 20-0824 and 20-0918, 2021 WL 2272435 (June 3, 2021) (terminating father's parental rights after the circuit court adjudicated him for committing domestic violence against another resident of his children's home).